[No. 974.]

JAMES SIAS, PETITIONER, v. JAMES F. HALLOCK, STATE CONTROLLER, RESPONDENT.

REWARD—STATUTE CONSTRUED.—In construing the statute authorizing and requiring the payment of rewards in certain cases (St. 1877, 92): *Held*, that it has no application to offenses committed against the United States and tried in the United States courts, but applies to persons who violate the state law, and who are arrested under process issued out of state courts, and who are therein convicted.

IDEM.—The reward, provided for in the statute, must be paid to the person or persons making the arrest.

APPLICATION for mandamus.

The facts appear in the opinion.

*Robert M. Clarke*, for Petitioner.

*A. C. Ellis*, for A. L. Nuckols.

*M. A. Murphy*, Attorney-General, for Respondent.

I. A reward offered for the apprehension of a thief and money can not be claimed by a sheriff or constable, who arrests the thief, by virtue of a warrant delivered to him for that purpose. (12 Ohio, 281; 15 Wend. 44; 16 Minn. 408; *Smith* v. *Whildin*, 10 Pa. 39.)

II. A public officer can not receive, for performing an official duty, any other compensation or reward than that which is prescribed by law. (*Warner* v. *Grace*, 14 Minn. 487; *Day* v. *Putnam Ins. Co.* 16 Id. 408; *Hatch* v. *Mann*, 15 Wend. 44; *Gilmore* v. *Lewis*, 12 Ohio, 281.)

By the Court, LEONARD, J.:

This is an application by the petitioner, James Sias, for a writ of mandamus to compel respondent, the state controller, to draw his warrant on the state treasurer in favor of petitioner for the sum of five hundred dollars reward, claimed to be due for the arrest of Bell and Wilson, who were arrested by petitioner, and thereafter tried and convicted in the United States district court in and for the district of Nevada, for the crime of robbing the United States mails.

Petitioner bases his claim upon the following statute:

"The Governor shall offer a standing reward of two hundred and fifty dollars for the arrest of each person engaged in the robbery of, or in the attempt to rob, any person or persons upon; or having in charge in whole or in part, any stage coach, wagon, railroad train, or other conveyance, engaged at the time in conveying passengers, or any private conveyance within this state, or for the arrest of any person

engaged in the robbery of, or in the attempt to rob, any
person or persons upon any highway in the state of Nevada,
the reward to be paid to the person or persons making the
arrest, immediately upon the conviction of the person or
persons so arrested; but no reward shall be paid except
after such conviction." (Stat. 1877, p. 92.)

A. R. Nuckols also claims the reward, upon the ground
that he gave information of the whereabouts of Bell and
Wilson which led to their arrest, and hunted up the evidence
upon which they were tried and convicted. The warrants
under which Bell and Wilson were arrested were issued by
United States commissioner J. H. Windle, at Elko, Nevada,
upon the complaint of A. G. Sharp, special postal agent of
the United States, who took the same to Eureka and de-
livered them to the petitioner, Sias. Petitioner was then
a deputy marshal of the United States and sheriff of Eureka
county. He received the warrants from Sharp and arrested
Bell in Eureka. With the other warrant he went to White
Pine county, and, at Hamilton, arrested Wilson. The
prisoners were thereupon taken by him before commissioner
Windle, at Elko. He made his returns upon the warrants
under which the arrests were made, showing that he had
arrested both Bell and Wilson under and by virtue of said
warrants, as deputy United States marshal. It is also ad-
mitted that Nuckols was constable of the ninth township of
White Pine county during the time of the performance of
the services for which he claims the rewards in question.
He lived at Cherry Creek, and in his affidavit he states that
Bell and Wilson were at all times within his reach by tele-
graph, and that he had kept constant watch of their move-
ments, with the full intention of arresting them and bringing
them before the United States courts, having them under a
shadow for more than two months, and that any subsequent
arrest was nothing more than the execution of his plans and
orders.

After the conviction of Bell and Wilson in the United
States district court, for mail robbery, both the petitioner
and Nuckols presented their claims in due form to the
board of examiners of the state, each demanding two hun-

dred and fifty dollars reward for the arrest and conviction of Bell, and the same sum for the arrest and conviction of Wilson, which claims were both acted upon and allowed by said board, and were afterwards certified and delivered to the respondent as state controller, who refused, and still refuses, to act upon either by drawing his warrant upon the state treasurer. In our opinion neither petitioner Sias nor Nuckols is entitled to receive the rewards mentioned in the statute quoted.

We have no doubt that the legislature only intended the payment of a reward for the arrest of any person who violates the state law in relation to robbery, and who is arrested under process issued out of state courts, and then only after conviction therein.

Bell and Wilson were arrested under a United States warrant and tried and convicted in a United States court, for an offense committed against the United States. For the arrest and conviction of persons guilty of robbing or attempting to rob the mails, the postal department offers and pays its own reward. When the legislature provided that "no reward shall be paid except after such conviction," a conviction in the state courts was referred to. There was no intention to aid the United States government in the arrest and conviction of its criminals.

In the act concerning crimes and punishments we frequently find these words, "and upon conviction thereof shall be punished," etc. For example: "Section 91. Every person who, by willful and corrupt perjury,   *   *   * shall procure the conviction and execution of any innocent person shall be deemed and adjudged guilty of murder, and, upon conviction thereof, shall suffer the punishment of death." The same words may be found in nearly every section of the act. It would not be denied that they refer to a conviction in the state courts only, although such courts are not designated in terms. It is equally plain to our minds that the same construction should be placed upon the statute under which the rewards are claimed in this case. There is another reason why Nuckols is not entitled to receive any reward. It appears that the petitioner, Sias,

arrested both Bell and Wilson.   Nuckols does not claim to
have arrested either.   The reward offered, and the only one
that could have been offered under the statute, was for the
arrest of the persons named in the statute, and it can be paid
for no other service.   What Nuckols' rights would be as
between him and the petitioner, if the latter was entitled to
receive, and should receive, the reward claimed, we do not
say.   But so far as the state is concerned, no person can
recover a reward, under the statute of 1877, without first
showing that he made the arrest.   By the very terms of the
statute, the reward is " to be paid to the person or persons
making the arrest, immediately upon the conviction of the
person or persons so arrested."   No reward is offered for
searching out the persons accused, or for hunting up testi-
mony against them, or for watching them lest they go away.
(See *Gilmore* v. *Lewis*, 12 Ohio, 286.)

The writ is denied.